IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID BRIAN MORGAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-337-R |
| | ) | |
| MIKE ADDISON, Warden, | ) | |
| | ) | |
| Respondent.[1] | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254[2] for a writ of habeas corpus, challenging his state court convictions and sentences. United States District Judge David L. Russell has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned has promptly examined the petition, and, as it appears that the petition is time-barred under 28 U.S.C.

---

[1] Because Petitioner is in custody pursuant to the state court judgment in question here, the state officer having custody of Petitioner is the properly named Respondent in a habeas proceeding. Rule 2, Rules Governing § 2254 Cases in the United States District Courts. Petitioner is currently incarcerated at the Joseph Harp Correctional Center. Doc. 1, at 1. Therefore, Mike Addison, Warden of the Joseph Harp Correctional Center, is the properly named Respondent in this action.

[2] Petitioner initiated this action on a form motion under 28 U.S.C. § 2255. Doc. 1. Nonetheless, Petitioner is in state custody and challenges the validity of his state court convictions and sentences. *Id.* at 1. Consequently, the motion is construed as a petition for habeas relief under 28 U.S.C. § 2254.

§2244(d), recommends that it be dismissed upon filing.

## I. State proceedings.

Petitioner states that on March 7, 2011, he was convicted and sentenced in the District Court of Oklahoma County on his plea of guilty to thirteen counts of rape, kidnapping, molestation, and weapons possession. Doc. 1, at 1.[3] The undersigned takes judicial notice that the plea, convictions, and sentencings, in fact, took place on March 30, 2011. *See* Okla. State Courts Network, *Oklahoma v. Morgan*, Case No. CF-2010-7695, Okla. Crim. App., docket entries dated Mar. 30, 2011, http://www.oscn.net/applications/oscn/start.asp?viewType=DOCKETS (last accessed April 24, 2014). He neither appealed his convictions nor pursued any form of collateral relief in state court. Doc. 1, at 2.

## II. Petitioner's federal claims.

Petitioner filed the instant petition on March 27, 2014, "contend[ing] that the police, and Oklahoma County Sheriff and the prosecution acted out a conspiracy against me." *Id.* at Attachment Letter; *see* Doc. 1, at 15; *see Hoggro v. Boone*, 150 F.3d 1223, 1227 n.3 (10th Cir. 1998) (holding petition is deemed "filed" when petitioner gave it to prison authorities for mailing). He labels his first ground for federal habeas relief as "First Amendment freedom of speech"

---

[3] Page citations to the petition are in sequential order and reflect this court's CMECF pagination and designation.

and alleges – referencing a "conspiracy" – he was denied phone access to his attorney and family for around three months after he was booked into the Oklahoma County jail in November, 2011. Doc. 1, at 3, 4.

In Ground Two, Petitioner maintains he requested that his attorney be present during initial police questioning, and that after a series of questioning, "they . . . finally gave up." *Id.* at 5. He was then arrested and allegedly left in a cell for five days with no shower. *Id.* The police came to question him again, acknowledging that they knew he wanted an attorney to be present but telling him "we need to get to the bottom of this." *Id.* He claims that, then, "[w]ithout my attorney present or clear thinking I signed a letter of confession." *Id.* He asserts the denial of his rights to due process, to remain silent, to have an attorney present, and to not incriminate himself. *Id.*

He alleges through his third ground that he received ineffective assistance of counsel and does so under several distinct theories. *Id.* at 7-8. He first points to his attorney's allegedly deficient performance in advising him, because of his signed confession, to plead guilty. *Id.* at 7. His second theory is that counsel advised him before he entered his plea that, by so doing, his "hands

were tied which is why there is no appeals filed by me." *Id.* at 8.[4] He claims that "[a]fter speaking with several inmates the last 3 years I have learned there was several steps I could have done, even after the signing of my plea bargain." *Id.* He further contends that his Sixth Amendment rights were violated by the fact that the total time he spent with his attorney was one hour. *Id.*

In his fourth ground, Petitioner describes being placed in "protective custody" in county jail following his arrest. *Id.* at 9. He claims a violation of due process rights because, as part of the alleged conspiracy, prison guards placed a convicted murderer in his cell "so he could get me." *Id.* Petitioner also complains that both his due process and equal protection rights were violated when he was not allowed to attend religious services for ninety days while in county jail. *Id.* at 10. In addition, he alleges a violation of his Eighth Amendment right to be free from cruel and unusual punishment both because his life was put in danger for the four days he was celled with a convicted murderer and because "[t]he original charges were either six or 7 counts [and] by the time we went to court the DA had changed it to 13 counts . . . even though there were no other victims." *Id.* at 11.

### III. Screening Requirement.

---

[4] Petitioner adds in a subsequent portion of the petition that "[I] was told by Counsel McPhail by accepting the plea agreement I had no recourse to my life in prison." Doc. 1, at 12.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing § 2254 Cases. This rule allows the district court to raise the issue of timeliness of a petition for writ of habeas corpus sua sponte, if untimeliness is "clear from the face of the petition." *Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1085 (10th Cir. 2008); *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition.").

"[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210. Petitioner has already taken that opportunity here, *see* Doc. 1, at 14, and he has notice by this Report and Recommendation of his additional opportunity to present his position by filing an objection to the Report and Recommendation. Further, when raising the issue sua sponte, the district court must "assure itself that the petitioner is not significantly prejudiced . . . and determine whether the interests of justice would be better served by addressing the merits" or by dismissing the petition as time barred. *Id.* (internal quotation marks omitted); *Thomas v. Ulibarri*, 214 F. App'x. 860, 861 n.1 (10th Cir. 2007).

5

Because Petitioner proceeds pro se, the court construes his filings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the court does not "assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotation omitted).

## IV. Analysis.

### A. The AEDPA limitation period.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth a one-year period of limitation for habeas petitioners who are in state custody. The statute provides in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the

exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general matter, the limitations period begins to run from the date on which Petitioner's conviction became final. Because Petitioner did not file a motion to withdraw his pleas, his convictions became final ten days after pronouncement of his judgment and sentence, or on April 9, 2011. *See* Rule 4.2(A), Rules of the Okla. Ct. of Crim. App., Okla. Stat. tit. 22, ch. 18, App. Thus, Petitioner's opportunity to timely file a federal habeas petition consistent with 28 U.S.C. § 2244(d)(1)(A) began on April 9, 2011, and expired one year later on April 9, 2012. Absent tolling of the limitation period, the instant petition, filed on March 27, 2014, is untimely by nearly two years.

### B. Statutory tolling.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." As Petitioner did not seek State collateral relief, there is no statutory tolling in this case.

### C. Equitable tolling.

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d

7

976, 978 (10th Cir. 1998); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) ("hold[ing] that § 2244(d) is subject to equitable tolling in appropriate cases"). In *Miller*, the court specifically cited assertions of innocence and incompetence as examples of claims which might warrant equitable tolling. 141 F.3d at 978. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Consequently, equitable tolling is limited to "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To justify equitable tolling, the petitioner must "demonstrate[] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has the burden of demonstrating that equitable tolling applies. *Sigala*, 656 F.3d at 1128; *Miller*, 141 F.3d at 977. Simple excusable neglect is not sufficient. *Gibson*, 232 F.3d at 808.

Here, in explaining why the one-year limitation period does not bar his petition, Petitioner acknowledges that "ignorance is no excuse to missing my deadline." Doc. 1, at 14. Nonetheless, he seeks "latitude because of incorrect information from counsel" and maintains, "I put my trust and confidence into

8

what my attorney had told me and instructed me." *Id.* According to Petitioner,

> The way that I discovered this step was by reading a book about Hurricane Carter. This is the action and motion that he took. After reading this book, I began asking a lot of questions from inmates who had been in prison a long time and found that I could fill out a 28 U.S.C. § 2255[.]

*Id.*

Petitioner's claims do not support entitlement to equitable tolling. *See Marsh*, 223 F.3d at 1220 ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). He accuses his counsel of "incompetence" and of providing "incorrect information." Doc. 1, at 14. Nonetheless, he does not suggest that his trial counsel's "incorrect information" prevented him from filing a timely habeas claim and, in any event, "attorney negligence is not extraordinary . . . ." *Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007). The petition provides no facts from which the court could find that there are "rare and exceptional" circumstances that warrant equitable tolling. *Gibson*, 232 F.3d at 808.

Furthermore, even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims, which he fails to do. *See id.*; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the

9

state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Sigala*, 656 F.3d at 1128 (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").[5]

### V. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that the petition for habeas corpus relief be dismissed as time-barred.

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before May 22, 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Clerk of Court is directed to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

---

[5] Petitioner's claims with regard to his pre-trial conditions of confinement are not "viable claim[s] for habeas relief" and, even if timely, "would have to be asserted in a civil rights action filed pursuant to 42 U.S.C. § 1983." *Gordon v. Estep*, 172 F. App'x 853, 855 n.1 (10th Cir. 2006).

10

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 2nd day of May, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE